Law §§ 240, 241.) Present—Lawton, J. P., Fallon, Wesley, Doerr and Boehm, JJ.

■ In the Matter of ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of LUCILLE DAVIS, Respondent, v RONALD R. CLARK, Appellant. (Appeal No. 2.) [619 NYS2d 1022] —Order unanimously affirmed without costs. Memorandum: The Hearing Examiner properly determined that application of the Child Support Standards Act would be unjust and inappropriate in these support proceedings (see, Family Ct Act § 413 [1] [f]). The aggregate award of $115 per week for the support of respondent's 11 children was not unconscionable under the circumstances of these cases.

Although the Hearing Examiner established precourt costs for the medical and confinement costs incurred at the births of the children, those costs may not be recovered from respondent because he did not have sufficient means to pay any of them when they were incurred (see, Matter of Steuben County Dept. of Social Servs. v Deats, 76 NY2d 451, 458). (Appeal from Order of Erie County Family Court, Honan, J.—Enforcement Proceeding.) Present—Lawton, J. P., Fallon, Wesley, Doerr and Boehm, JJ.

■ In the Matter of ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of JUNE SHOWERS, Respondent, v RONALD R. CLARK, Appellant. (Appeal No. 3.) [619 NYS2d 1022] —Order unanimously affirmed without costs. Same Memorandum as in Matter of Erie County Dept. of Social Servs. (Davis) v Clark (209 AD2d 1035 [decided herewith]). (Appeal from Order of Erie County Family Court, Honan, J.—Child Support.) Present—Lawton, J. P., Fallon, Wesley, Doerr and Boehm, JJ.

■ In the Matter of ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of KIMBERLY JAYCOX, Respondent, v RONALD R. CLARK, Appellant. (Appeal No. 4.) [619 NYS2d 1022] —Order unanimously affirmed without costs. Same Memorandum as in Matter of Erie County Dept. of Social Servs. (Davis) v Clark (209 AD2d 1035 [decided herewith]). (Appeal from Order of Erie County Family Court, Honan, J.—Child Support.) Present—Lawton, J. P., Fallon, Wesley, Doerr and Boehm, JJ.

■ In the Matter of ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of MERCEDES CUNNINGHAM, Respondent, v RONALD R. CLARK, Appellant. (Appeal No. 5.) [619 NYS2d 1023] —Order unanimously affirmed without costs. Same Memoran-

dum as in *Matter of Erie County Dept. of Social Servs. (Davis) v Clark* (209 AD2d 1035 [decided herewith]). (Appeal from Order of Erie County Family Court, Honan, J.—Child Support.) Present—Lawton, J. P., Fallon, Wesley, Doerr and Boehm, JJ.

▮ NIAGARA UNIVERSITY, Respondent, v TRAUTMAN, KING, MARKWART ASSOCIATES, P. C., et al., Defendants, and SICOLI & MASSARO, INC., Appellant. [619 NYS2d 232] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court should have dismissed plaintiff's causes of action against Sicoli & Massaro, Inc. (defendant). The record establishes that plaintiff and defendant entered into a contract on September 26, 1982, to replace the roof of the Seton Hall building on plaintiff's campus. That contract was substantially completed on January 10, 1983, and final payment was received on June 20, 1983. On May 31, 1991, plaintiff commenced this action alleging negligence and breach of contract. Because the action was commenced more than six years after defendant received final payment, plaintiff's causes of action for negligence and breach of contract are barred by the applicable Statutes of Limitations *(see,* CPLR 213, 214; *City of Niagara Falls v Rudolph,* 97 AD2d 971).

Plaintiff contends, however, that defendant is equitably estopped from asserting the Statute of Limitations and that the Statute of Limitations is tolled by the continuing professional relationship between the parties. We disagree. The record fails to show that defendant "made false representations or conducted itself in such a manner as to mislead the plaintiff into believing that the time limitation would not be invoked" *(Bayridge Air Rights v Blitman Constr. Corp.,* 160 AD2d 589, 590, *affd* 80 NY2d 777; *see, Murphy v Wegman's Food Mkts.,* 140 AD2d 973, *lv denied* 72 NY2d 808; *Marvel v Capital Dist. Transp. Auth.,* 114 AD2d 612, *affd* 67 NY2d 729). Moreover, there was no ongoing fiduciary relationship between the parties to toll the Statute of Limitations *(see, Cabrini Med. Ctr. v Desina,* 64 NY2d 1059, 1062; *Board of Educ. v Thompson Constr. Corp.,* 111 AD2d 497, 499).

Plaintiff alternatively contends that the action is timely because defendant agreed to provide a 10-year written express warranty on the roof. No warranty was ever executed by defendant and provided to plaintiff and, therefore, plaintiff's causes of action are time-barred *(see, Board of Educ. v Thompson Constr. Corp., supra,* at 499; *see also, Coffey v United States*